UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JUAN M. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 09-CV-2184 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

On August 3, 2009, Juan White ("Petitioner"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). On October 19, 2009, the United States of America filed its Response (#6). Petitioner filed his Reply (#7) on December 2, 2009. For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

BACKGROUND

On November 7, 2003, Petitioner was charged by indictment with one count of distributing 50 or more grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(a) ("Count I") and possession of a firearm by a felon in violation of 18 U.S.C. § 922 (g) ("Count II"). On November 19, 2004, petitioner entered a guilty plea to Count II of the indictment.

On April 4, 2005, a jury trial commenced on Count I of the indictment. On April 7, 2005, The jury found petitioner guilty of Count I.

On November 9, 2005, White moved to admit arguments and evidence regarding the

form of cocaine base he distributed. (R.136-37) The United States responded. (R.145) and Petitioner responded to the United States' response. (R.147). On September 8, 2006, this court denied petitioner's challenge to the form of cocaine base because it was both redundant and irrelevant. (R.168). This court found neither insufficient evidence to support the jury's verdict that the substance was crack cocaine nor procedural error to taint the jury's verdict.

On November 29, 2006, petitioner was sentenced to a term of 360 months of imprisonment. Petitioner was also sentenced to a concurrent 120 month term on the firearm charge.

On June 4, 2007 Petitioner, through his appellate counsel, filed a brief to appeal his conviction and sentence. Petitioner then moved to file his own pro se supplemental brief. The Seventh Circuit Court of Appeals granted petitioner's request in part, allowing petitioner to file his brief on two issues: (1) whether this court improperly admitted evidence under Fed. R. Evid. 608(b); and (2) whether this court erred by denying petitioner an entrapment defense. Ultimately, the Court of Appeals affirmed petitioner's conviction and sentence. United States v. White, 519 F.3d 342 (7th Cir. 2008).

On August 3, 2009, petitioner filed the present motion under 28 U.S.C. § 2255, which this court now addresses.

ANALYSIS

Petitioner raises three claims in his § 2255 motion; (1) the Seventh Circuit Court of Appeals unconstitutionally denied his right to appeal; (2) his appellate counsel provided ineffective assistance during his appeal; (3) his trial attorney provided ineffective assistance during trial because his counsel failed to conduct an independent inquiry into the conclusion that

he distributed "crack" and not another form of cocaine base.

First, Petitioner argues that the Court of Appeals unconstitutionally denied his right to appeal by limiting the issues addressed in his pro se supplemental brief. This court does not possess the jurisdiction to review a decision by the Court of Appeals, therefore Petitioner's motion on this issue is denied.

Petitioner next claims that his counsel provided ineffective assistance on appeal. The two-pronged test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), is the benchmark in determining whether assistance of counsel has been constitutionally adequate. See Suggs v. United States, 513 F.3d 675, 678 (7th Cir. 2008).

The first prong requires that petitioner show his counsel's representation fell below "an objective standard of reasonableness." Strickland, 466 U.S. at 688. In making this determination, there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; See Martin v. Evans, 384 F.3d 848, 852 (7th Cir. 2004).

To satisfy the second prong of the Strickland test, the Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability that the omitted argument would have altered the outcome is sufficient to satisfy this prong. Strickland, 466 U.S. at 694; See Lee v. Davis, 328 F.3d 896, 901 (7th Cir. 2003).

Counsel's performance is considered ineffective if "significant and obvious issues" are ignored such that the overlooked issues are "clearly stronger" than the arguments raised on appeal. Suggs, 513 F.3d at 678; See also Lee, 328 F.3d at 900-01.

In the instant case, petitioner fails to meet either prong of the <u>Strickland</u> test. Petitioner fails to identify how his counsel's performance fell below an objective standard of reasonableness under the first prong of <u>Strickland</u>. Nor does petitioner illustrate that his counsel's alleged errors were "significant and obvious" and would have changed the outcome of the proceeding as required by the second part of the <u>Strickland</u> analysis. Petitioner does not show that arguments ignored by his appellate counsel were "clearly stronger" than the arguments raised on appeal. Petitioner merely alleges that his "counsel chose to brief a claim that was not applicable to movant." In asserting such a broad claim, petitioner fails to provide any support that his counsel's behavior amounted to constitutionally ineffective assistance.

Lastly, Petitioner claims his trial counsel was ineffective because his counsel failed to conduct an independent analysis to illustrate that the petitioner distributed some form of cocaine base other than "crack." Petitioner's claim is without merit.

The record reflects that on November 9, 2005, Petitioner, through his trial counsel, moved to admit arguments and evidence concerning the form of cocaine base he distributed. (R.136-37). The United States responded (R.145) and Petitioner replied to the United States' response (R.147). On September 8, 2006, this court denied petitioner's challenge to the form of cocaine base which he distributed as redundant and irrelevant. (R.168). Petitioner's counsel did try to argue against the form of cocaine base that was distributed, but that argument was rejected by the court.

Even if Petitioner's trial counsel had admitted evidence as to the composition of the cocaine base, such analysis is irrelevant to the violation itself and therefore would not change the outcome of the proceedings and thus Petitioner would have suffered no prejudice. The Seventh

Circuit found that the particular type and quantity of drug are not elements of a violation of 21 U.S.C. § 841. U.S. v Kelly, 519 F.3d 355, 363 (7th Cir. 2008). In a claim similar to Petitioner's, defendant Kelly argued that the evidence presented during trial was insufficient to prove that the cocaine he possessed was crack cocaine. Kelly, 519 F.3d at 362. The Seventh Circuit found that "so long as Kelly possessed, with the appropriate mental state, a detectable amount of a substance or mixture containing cocaine base- and Kelly does not dispute that he possessed some form of cocaine base- then he is guilty of violating section 841." Kelly, 519 F.3d at 363. For these reasons, Petitioner's claim that his trial counsel provided constitutionally ineffective assistance must fail.

Petitioner's Motion to Vacate, Set Aside or Correct a Conviction and Sentence (#1) is therefore DENIED.

IT IS THEREFORE ORDERED THAT

(1) Petitioner' Motion to Vacate, Set Aside or Correct a Conviction and Sentence (#1) is DENIED.

(2) This case is TERMINATED.

ENTERED this 4th day of December, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE